## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **JULIE SEIDEL**, <br><br> Plaintiff, <br><br> vs. <br><br> **RICHMOND REALTY &** <br> **THE WESTWOOD GARDEN** <br> **APARTMENTS, LP**. <br><br> and <br><br> **DONALD VICK**, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No.  1:17-CV-470 <br> ) <br> ) JUDGE <br> ) <br> ) MAGISTRATE JUDGE <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Now comes Plaintiff JULIE SEIDEL ("Plaintiff" or "Plaintiff Seidel"), by and through counsel, for her Complaint against Defendant RICHMOND REALTY & The Westwood Garden Apartments ("Defendant Richmond Realty") (D/B/A "Richmond Realty") and Defendant DONALD VICK ("Defendant Vick") (collectively "Defendants") about their failure to pay Plaintiff minimum wage and overtime compensation, and states as follows:

## I. PRELIMINARY STATEMENT

Plaintiff brings this action against Defendants seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.,* the Ohio Minimum Fair Wage Standards Act, R.C. § 4111 *et seq.* ("the Ohio Wage Act"), the Ohio Prompt Pay Act ("OPPA"), R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"), and the Ohio Constitution, Oh. Const. Art. II § 34a.  Plaintiff's allegations as

1

to her own acts are based on personal knowledge and other allegations are made on information and belief.

## II. JURISDICTION AND VENUE

1.     This Court has federal question jurisdiction over this action pursuant to 29 U.S.C. §§ 201, *et. seq.* of the FLSA and 28 U.S.C. § 1331.

2.     This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 as to claims under the Ohio Wage Acts and the Ohio Constitution.

3.     This Court has personal jurisdiction over Defendant Richmond Realty because its principal place of business, in Hamilton County, is in this District; it conducts substantial business in this District; and it has sufficient minimum contacts within this District.

4.     Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants jointly employed the Plaintiff in the Southern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Southern District of Ohio, Defendants have done substantial business in the Southern District of Ohio, Defendants maintains their principal place of business in the Southern District of Ohio, and Defendants have received substantial revenue as a result of doing business in the Southern District of Ohio.

## III. PARTIES

5.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

6.     Plaintiff Julie Seidel is an individual residing in Cincinnati, Ohio (Hamilton County), and at all times relevant herein, has been an employee of Defendants as defined in the FLSA, O.R.C. Chapter 4111, and Ohio Constitution Art. 2 §34a.

7.     Defendant Richmond Realty is a limited partnership organized and existing under

the laws of the State of Ohio and may be served through its attorney Jill T. O'Shea, Of Counsel to Cohen, Todd, Kite and Stanford, LLC, 250 East 5th St., Suite 2350, Cincinnati, OH 45202.

8.     Defendant Donald Vick is a citizen of the state of Ohio and the General Partner of Defendant Richmond Realty, and may be served through his attorney, Jill T. O'Shea, Of Counsel to Cohen, Todd, Kite and Stanford, LLC, 250 East 5th St., Suite 2350, Cincinnati, OH 45202.

## IV. <u>FACTS</u>

9.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

10.     According to Defendant Richmond Realty's Trade Name/Original Filing filed with the Ohio Secretary of State on October 22, 2001, Richmond Realty's purpose is "real estate rental, ownership and management."

11.     During all times material to this Complaint, Defendant Vick has jointly owned, operated and/or managed Defendant Richmond Realty.

12.     During all times material to this Complaint, Defendants are and have been "employers" as that term is defined by the FLSA and the Ohio Acts.

13.     During all times material to this Complaint, Defendants have jointly employed Plaintiff.

14.     During all times material to this Complaint, Defendants mutually benefitted from the work performed by Plaintiff.

15.     During all times material to this Complaint, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff.

16.     During all times material to this Complaint, Defendants have acted directly or indirectly in the interest of each other in relation to Plaintiff.

17.     During all times material to this Complaint, Defendant Vick has been jointly involved in the operational decisions of Defendant Richmond Realty, including, but not limited to, decisions about wage and hour policies and practices that affect Plaintiff.

18.     Upon information and belief, Defendants have employed at least approximately two (2) individuals during all times material to this Complaint.

19.     Upon information and belief, Defendants have had annual gross receipts in excess of $500,000.00 during all times material to this Complaint.

20.     During all times material to this Complaint, Defendants, jointly and individually, operate and control an enterprise and employ employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

21.     During all times material to this Complaint, Defendants have had operational control over significant aspects of Plaintiff's day-to-day functions, the authority to hire, fire and discipline employees, including Plaintiff, the authority to set rates and methods of compensation, and the authority to control the work schedules and employment conditions of Plaintiff.

22.     During all times material to this Complaint, Defendant Vick has worked out of the same principal place of business as Plaintiff, and has had the authority to control the job duties, rates and methods of compensation, schedules, and employment conditions of Plaintiff, and has had ultimate authority and responsibility to direct the activities of Plaintiff.

23.     During all times material to this Complaint, Plaintiff has worked for Defendants as a live-in property manager for the Westwood Garden Apartments residential complex, located at 3334 Gerold Drive, Cincinnati, OH 45238 and owned and operated by Defendants.

24.     Upon information and belief, the Westwood Garden Apartments complex has in excess of fifty (50) apartment units.

25.     At all times material to this Complaint, Plaintiff was performing work primarily for the benefit of Defendants.

26.     As a property manager for Defendants, Plaintiff performed a variety of job duties, including but not limited to: arranging apartment showings and giving tours to prospective tenants; preparing move-in paperwork and rental agreement forms for new tenants; maintaining records of rent payments, late notices, move-in/move-outs, and processing and filing other tenant documents; collecting and processing the monthly rent payments and late fees; inspecting the apartment and grounds, ensuring that the complex stayed clean and orderly, including maintaining and cleaning the on-site laundry facility and cleaning the common areas of the complex; scheduling and following up with maintenance requests and ensuring that maintenance work was completed; and answering the phone for other various tenant and maintenance issues.

27.     Plaintiff's working hours, although varied from day-to-day, typically ranged for approximately nine (9) to ten (10) hours per continuous workday Monday through Fridays, and approximately two (2) to five (5) hours per continuous workday on Saturdays, and occasionally Sundays, for an estimated range of approximately 47 to 55 hours per week.

28.     However, as an on-site property manager at the Westwood Garden Apartments, Plaintiff was not completely relieved of her job duties, as Plaintiff also had to be close by and available to handle tenant and maintenance issues throughout any day and throughout any week, and was typically unable to use her time freely.

29.     There were no limitations placed on Plaintiff's working hours, and because Plaintiff lived on-site, Plaintiff would be available 24 hours a day, 7 days a week to handle tenant

after-hour emergencies; either by responding to phone calls or by tenants coming to her apartment in person.

30.    Plaintiff could not take extended vacation days or work another job away from the Westwood Gardens Apartment complex due to the nature of the duties and responsibilities imposed upon Plaintiff by Defendants.

31.    Plaintiff's apartment, which also served as the apartment manager office, had a sign posted outside, designating it as "manager apartment."

32.    During all times material to this Complaint, Defendant Vick would regularly communicate with Plaintiff during the week, through both phone calls and in-person communication, concerning Plaintiff's job duties, including regular discussions about tenants' rent payments, following up about the status of any late rent payments, updates on the scheduling or completion of maintenance and repair work, new tenant paperwork, and any other issues relating to the apartment complex.

33.    When Plaintiff was first hired by Defendants, Defendant Vick verbally discussed the property manager job with Plaintiff, including Defendant's expectations on job performance and the compensation terms, whereby Plaintiff would live in a unit of Defendant's apartment complex for free, and would be paid a monthly compensation.

34.    Upon information and belief, Defendant credited the rent charged to Plaintiff for the apartment unit as an offset against the minimum wages and overtime owed to Plaintiff.

35.    During all times material to this Complaint, Defendants compensated Plaintiff on a monthly basis in the amount of $525.00 per month.

36.    Upon information and belief, Plaintiff's apartment unit has an estimated rental value of approximately $540.00 per month.

37.     Upon information and belief, Defendants did not keep time cards, time sheets, or other materials recording Plaintiff's hours worked, compensation, deductions, or withholdings for any of her duties performed as a property manager.

38.     Upon information and belief, Defendants did not keep any documents demonstrating the actual cost of furnishing the apartment unit to Plaintiff. In comparing Plaintiff's weekly hours worked against her compensation, Defendants failed to pay Plaintiff $455.00 per week and failed to pay Plaintiff the Federal and Ohio minimum wage for all hours worked during relevant times.

39.     During all times material to this Complaint, Defendants jointly suffered and permitted Plaintiff to work over forty (40) hours per workweek while not properly compensating her for those hours worked over forty (40) at a rate of at least one and one half times her regular rate.

40.     During all times material to this Complaint, Plaintiff was not exempt from the overtime provisions of the FLSA or Ohio Wage Acts.

41.     During all times material to this Complaint, Plaintiff was not paid the weekly equivalent of $455.00.

42.     During all times material to this Complaint, Plaintiff did not have primary duties that required advanced knowledge, such as work that was predominantly intellectual in character or that included work requiring consistent exercise of discretion and judgment; nor was she required to have advanced knowledge in a field of science or learning, or advanced knowledge that was customarily acquired by a prolonged course of specialized intellectual instructions.

43.     During all times material to this Complaint, Defendants had knowledge of and acted willfully in regards to the conduct described herein.

44.     Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

45.     Plaintiff has suffered damages and continues to suffer damages as a result of Defendants' acts or omissions as described herein.

## VII.     CLAIMS FOR RELIEF

### COUNT I
### Minimum Wage Violations of the Fair Labor Standards Act ("FLSA")

46.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

47.     The FLSA requires that covered employees be compensated for every hour worked in a workweek. *See* 29 U.S.C. § 206(a)-(b).

48.     During all times material to this Complaint, the federal minimum wage has been $7.25 per hour.

49.     During all times material to this Complaint, Defendants were jointly and individually employers covered by the FLSA and required to comply with its mandates.

50.     During all times material to this Complaint, Plaintiff was a covered employee entitled to protection under the FLSA.

51.     During all times material to this Complaint, Plaintiff was not exempt from the minimum wage obligations set forth under the FLSA.  *See* 29 U.S.C. § 213.

52.     During all times material to this Complaint, Defendants were not approved to pay subminimum wages in violation of the FLSA and 29 C.F.R. Part 525.

53.     By not paying at least $7.25 for all hours worked to Plaintiff, Defendants violated the minimum wage provisions of the FLSA.  *See* 29 U.S.C. § 206(a)(1)(C).

54.     By the acts and conduct described above, Defendants violated and are in violation of the FLSA, and in doing so Defendants acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

<u>**COUNT II**</u>
**Overtime Violations of the Fair Labor Standards Act**

55.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

56.     The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week. 29 U.S.C. § 207(a)(1).

57.     During all times material to this Complaint, Defendants have been, individually and jointly, employers covered by the overtime requirements set forth in the FLSA.

58.     During all times material to this Complaint, Plaintiff was an "employee" within the meaning of the FLSA.

59.     During all times material to this Complaint, Plaintiff was not paid the weekly equivalent of $455.00.

60.     During all relevant times, Plaintiff was not exempt from receiving FLSA overtime benefits because, *inter alia*, she was not "executive," "computer," "administrative," or "professional" employees, as those terms are defined under the FLSA.  *See* 29 C.F.R. §§ 541.0, *et seq*.

61.     During all times material to this Complaint, Plaintiff was not exempt under any other exemption.

62.     Plaintiff regularly worked in excess of forty (40) hours in workweek.

63. Defendants violated the FLSA with respect to Plaintiff by failing to compensate her at time-and-one-half times her regular rate for any hours worked over forty (40) hours in a workweek.

64. During all times material to this Complaint, Defendants knew that Plaintiff was not exempt from the overtime obligations imposed by the FLSA. Defendants have also known that they were required to pay Plaintiff overtime compensation at a rate of one and one-half times her regular rate for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Plaintiff is entitled.

65. By the conduct described above, Defendants have violated and are in violation of 29 U.S.C. § 207(a)(1).

66. In violating the FLSA, Defendants acted willfully, without a good faith basis and in reckless disregard of clearly applicable FLSA provisions.

## COUNT III
## Recordkeeping Violations of Section 3(m) of the FLSA

67. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

68. During all times material to this Complaint, Defendants have been, individually and jointly, employers subject to the FLSA's recordkeeping requirements.

69. To take a wage credit under Section 3(m) of the FLSA, an employer must maintain accurate records of the costs incurred in furnishing lodging to the employee. *See* 29 C.F.R. § 516.27(a).

70. Upon information and belief, Defendants did not keep any documents demonstrating the actual cost of furnishing the apartment unit to Plaintiff.

71.     Because Defendants did not keep the proper records required to take a section 3(m) lodging credit, Defendants have not met the prerequisite for including lodging costs in Plaintiff's wages.

## COUNT IV
### Minimum Wage Violations of the Ohio Wage Act and the Ohio Constitution

72.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

73.     The Ohio Wage Act requires that covered employees be compensated for every hour in a workweek. *See* R.C. §§ 4111 *et seq.; see also* 29 U.S.C. § 206(b).

74.     Section 34a of the Ohio Constitution provides that an employer must pay the federal minimum wage rate.

75.     During all times material to this complaint, Plaintiff was a covered employee entitled to the Ohio Wage Act's protections.

76.     During all times material to this complaint, Plaintiff was jointly employed by Defendants.

77.     During all times material to this Complaint, Defendants were entities covered by the Ohio Constitution Art. II, § 34; and Plaintiff was employed by Defendants within the meaning of the Ohio Constitution Art. II, § 34.

78.     During all times material to this Complaint, Defendants were covered employers required to comply with the Ohio Wage Act's and the Ohio Constitution's mandates.

79.     During all times material to this complaint, Plaintiff was not exempt from receiving the Ohio minimum wage because, *inter alia*, she was not an "executive," "administrative," "professional," "outside sales" or "computer" employee, as those terms are defined under the FLSA.  *See* R.C. § 4111.03(A); *see also* 29 C.F.R. §§ 541.0, *et seq.*

80.     Defendants failed to pay Plaintiff at least the Ohio minimum wage per hour for all hours worked in a workweek during the period relevant to this Complaint.[1]

81.     Because Defendants violated the Ohio Wage Act's and the Ohio Constitution's minimum wage requirements, a three (3) year statute of limitations applies to such violation, pursuant to R.C. §4111.14(K).

82.     As a result of the foregoing, Plaintiff was illegally denied the Ohio minimum wage, in such amounts to be determined at trial, and is entitled to recovery of total unpaid amounts, plus and additional two-times the unpaid wages, costs, reasonable attorney's fees and other compensation pursuant to R.C. §4111.14(J).

## COUNT V
## Overtime Violations of the Ohio Wage Act

83.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

84.     During all times material to this Complaint, Plaintiff was jointly employed by Defendants.

85.     Defendants are employers covered by the overtime requirements set forth in the Ohio Wage Act.

86.     The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

---

[1] The applicable hourly minimum wages in Ohio are:  $7.95 (2014); $8.10 (2015); $8.10 (2016); and $8.15 (2017).

87.     During all times material to this complaint, Plaintiff was a covered employee entitled to the Ohio Wage Act's protection.

88.     As an employee for Defendants, Plaintiff worked in excess of the maximum weekly hours permitted under R.C. §4111.03, but was not paid overtime wages for this time spent working.

89.     Defendants failed to pay Plaintiff overtime compensation at time and a half (1.5) of her regular rate of pay for hours in a work week in excess of forty (40).

90.     The exact total amount of compensation, including minimum wage and overtime compensation that Defendants have failed to pay Plaintiff is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants, or were not kept by Defendants.

91.     The Ohio Revised Code requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff is entitled to review the relevant records of hours worked to determine the exact amount of overtime wages owed by Defendants. Absent Defendants keeping these records as required by law, Plaintiff is entitled to submit her information about the number of hours worked.

92.     In violating the Ohio Wage Act, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## <u>COUNT VI</u>
### Violation of the Ohio Prompt Pay Act, R.C. § 4113.15 ("OPPA")

93.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint, as if fully set forth herein.

94.     During all times material to this Complaint, Plaintiff was jointly employed by Defendants.

95.     During all times material to this Complaint, Defendants were entities covered by the OPPA; and Plaintiff was employed by Defendants within the meaning of the OPPA.

96.     The OPPA requires that the Defendants pay Plaintiff all wages, including unpaid overtime, on or before the first day of each month, for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by her during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

97.     During all times material to this complaint, Plaintiff was not paid wages, either her regular rate, a minimum wage or overtime wages at one and one-half times her regular rate within thirty (30) days of performing the work. *See* R.C. §4113.15(B).

98.     Plaintiff's unpaid wages remained unpaid for more than thirty (30) days beyond her regularly scheduled payday.

99.     In violating the OPPA, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## PRAYER FOR RELIEF

A.     A declaratory judgment that Defendants' wage and hour policy and practice alleged herein, jointly and severally, violates the FLSA, the Ohio Wage Acts and the Ohio Constitution;

B.     Issuing an injunction prohibiting Defendants from engaging in future violations of the FLSA, the Ohio Wage Acts, and the Ohio Constitution;

C.      Judgment against Defendants, jointly and severally, for damages for all unpaid minimum wage and overtime compensation owed to Plaintiff during the applicable statutory period under the FLSA, the Ohio Wage Act and the OPPA;

D.      Judgment against Defendants, jointly and severally, for liquidated damages pursuant to the FLSA 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid minimum wage and overtime compensation owed to Plaintiff during the applicable statutory period;

E.      Judgment against Defendants, jointly and severally, for all unpaid minimum wage and overtime compensation and any liquidated damages allowed by Ohio law for Plaintiff, including but not limited to liquidated damages provided R.C. §4111.14(J);

F.      An order directing Defendants to pay Plaintiff reasonable attorneys' fees and all costs connected with this action;

G.      Rendering a judgment against Defendants, jointly and severally, for all damage, relief, or any other recovery that this Court may deem necessary, just, and proper.

Date: July 12, 2017                          Respectfully submitted,

                                        */s/Robert E. DeRose*
                                        Robert E. DeRose (OH Bar No. 0055214)
                                        Molly K. Tefend (OH Bar No. 0093574)
                                        Jason C. Cox (OH Bar No. 0095169)
                                        **BARKAN MEIZLISH HANDELMAN GOODIN DEROSE WENTZ, LLP**
                                        250 E. Broad St., 10th Floor
                                        Columbus, Ohio 43215
                                        Telephone: (614) 221-4221
                                        Fax: (614) 744-2300
                                        Email: bderose@barkanmeizlish.com
                                                             mtefend@barkanmeizlish.com
                                                             jcox@barkanmeizlish.com

                                        *Counsel for Plaintiff*